UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KECIA M. FLANAGAN,<br><br>Plaintiff,<br><br>v.<br><br>CITIMORTGAGE, INC. et al.,<br><br>Defendant. | Case No.: 18cv1503-LAB (LL)<br><br>**ORDER REQUIRING SUPPLEMENTAL BRIEFING ON TILA AND FDCPA CLAIMS** |

This action was removed from state court on the basis of federal question jurisdiction. The complaint includes only two claims, a Fair Debt Collection Practices Act claim, and a federal Truth in Lending Act claim.

**TILA Claim**

The complaint alleges that in 2010, Plaintiff Kecia Flanagan executed a note and deed of trust on the residential property that is at issue here. (Compl., ¶ 27.) Her thirteenth cause of action is for violations of the federal Truth in Lending Act (TILA). She argues that because Defendants failed to make proper disclosures, she retained the right of rescission under TILA. She alleges that because Defendants did not rescind the note, she is now entitled to damages.

Failure to cancel a loan after receiving timely notice of rescission is a violation of TILA, for which damages are available. *Brewer v. IndyMac Bank*, 609

F. Supp. 2d 1104, 1114 (E.D. Cal. 2009). The limitations period following refusal to rescind under these circumstances is one year. *Id.* (citing 15 U.S.C. § 1640(e)).

The complaint is lengthy and not very clear, but it appears Flanagan first began having trouble making mortgage payments in 2014. (*See* Compl., ¶ 31 (alleging that a notice of default was recorded in November, 2014).) She asked CitiMortgage for "assistance," but when CitiMortgage refused to offer a workout option, she borrowed money to cure the default. (*Id.*, ¶ 32.) Then in June, 2016, she began experiencing financial hardship and contacted Citimortgage again to ask for "assistance in lowering her payment and interest rate." (*Id.*, ¶ 33.) She then pursued loan modification. (*Id.*, ¶ 35–37.)

The complaint concludes that Flanagan "retained a right to rescind the Note within three years of execution of the Note," (Compl., ¶ 168), which apparently was some time in 2013.[1] It then alleges that because of "Defendants' failure to rescind the Note," Flanagan is entitled to statutory damages. (*Id.*), ¶ 169.) It appears to the Court that the claim is insubstantial, and that it may not be adequately alleged. For example, Flanagan never alleges she sought rescission within three years of executing the note, or even after. Apparently she believes Defendants were required to rescind it some time before the three-year limitations period expired. But according to the complaint, she was not experiencing financial trouble, and was making payments on time. Nothing in the complaint suggests she requested rescission at the time, or that the right was invoked in some other way. In fact, the complaint's allegations strongly suggest she would not have wanted rescission at that time.

---

[1] A right of rescission under TILA expires three years after the alleged violation, even if the required disclosures were never made. *Sitthidet v. First Horizon Home Loans*, 633 Fed. Appx. 407, 407 (9th Cir. 2016) (citing *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412–13 (1998)).

Defendant CitiMortgage, Inc. and Mortgage Electronic Registrations Systems, Inc. ("MERS") filed one motion to dismiss, without requesting dismissal of the TILA claim. Defendant North Star Homes, LP filed another motion to dismiss and sought dismissal of the TILA claim, but only as to this Defendant. Neither one raised this point, and neither one sought dismissal of the TILA claim on the basis of the one-year statute of limitations. Nevertheless, because Flanagan never alleges she invoked her right of rescission, it would appear her claim for failure to rescind is insubstantial.

**FDCPA Claim**

The complaint appears to be claiming that Defendants CitiMortgage and Clear Recon Corp. ("CRC") were debt collectors under the FDCPA, and that by threatening to proceed with and actually completing a non-judicial foreclosure, they violated the FDCPA. It does not appear to be alleging they or anyone else did anything that violated the FDCPA, other than within the course of non-judicial foreclosure proceedings. (Complaint, ¶¶ 59–77.) CitiMortgage was allegedly assigned the deed of trust in 2014, although Flanagan disputes that this was validly done. (*Id.*, ¶ 30.) CRC was substituted as trustee in 2016, although Flanagan disputes the validity of this substitution as well. (*Id.*, ¶ 43.)

FDCP claims cannot be based on enforcement of a deed of trust or enforcement of a security interest under such a deed. *Gaytan v. Nationstar Mortgage, LLC*, 2014 WL 12513582, at *2 (S.D. Cal., June 16, 2014) (discussing cases). Furthermore, mortgage servicing companies are not debt collectors within the meaning of the Act. *Id.* (citing *Lal v. Am. Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1224 (E. D. Cal. 2010). Assignees of debts are also not debt collectors, as long as the debt was not in default at the time it was assigned. *Id.*

**Order**

It appears Flanagan may have no substantial federal claim. If so, the Court may have no jurisdiction. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson*,

478 U.S. 804, 823 n.3 (1986). The Court is required to raise and address jurisdictional questions, *sua sponte* if necessary, whenever a doubt arises. *Mt. Healthy City School Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 278 (1977).

Flanagan is **ORDERED** to file a supplemental brief by **March 1, 2019**, explaining addressing the Court's concerns about FDCPA and TILA claims. Also by **March 1**, CitiMortgage, MERS, and North Star Homes must file one joint brief addressing the same concerns. Both sides should also address the one-year statute of limitations for TILA failure-to-rescind claims. The Court recognizes this defense can be waived. But in the interests of economy and because it could affect jurisdiction, the Court directs the parties to raise and address this issue now, rather than reserving it for later in the litigation. Each brief should not exceed <u>seven pages</u>, not counting any appended material.

If the Court determines one or both claims are substantial enough to support its jurisdiction, the briefing will nevertheless be considered along with the argument raised in the briefing on the two motions to dismiss.

**IT IS SO ORDERED**.

Dated: February 19, 2019

*Larry A. Burns*
Hon. Larry Alan Burns
Chief United States District Judge