UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KECIA M. FLANAGAN,<br><br>                                   Plaintiff,<br><br>v.<br><br>CITIMORTGAGE, INC. et al.,<br><br>                                   Defendants. | Case No.:  18cv1503-LAB (LL)<br><br>**ORDER DISMISSING TILA AND FDCPA CLAIMS; AND**<br><br>**ORDER OF REMAND** |

        This action was removed from state court on the basis of federal question jurisdiction. The complaint included two claims based on federal statutes, a Truth in Lending Act (TILA) claim and a Fair Debt Collection Practices Act (FDCPA) claim. Defendants filed motions to dismiss. Neither Defendant sought dismissal of the two federal claims that formed the basis for jurisdiction, except that Defendant North Star Homes sought dismissal of the TILA claim to the extent it was brought against North Star.

        On reviewing the briefing, the Court found that the TILA and FDCPA claims appeared to be insubstantial.   The lack of a substantial federal claim in the complaint means the Court cannot exercise federal question jurisdiction. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 823 n.3 (1986); *see also Hannis Distilling Co. v. City of Baltimore*, 216 U.S. 285, 288 (1910)

(explaining that if a claim is "manifestly devoid of merit," it is insubstantial for purposes of conferring jurisdiction). The Court is required to raise and address jurisdictional questions, *sua sponte* if necessary, whenever a doubt arises. *Mt. Healthy City School Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 278 (1977).

The Court must presume it lacks jurisdiction, until the party invoking the Court's jurisdiction proves otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). There is a "strong presumption" against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).

Defendants and Plaintiff each filed a response.

**TILA Claim**

Plaintiff's TILA claim appeared to be time-barred, and she never requested rescission. Her claim for damages based on Defendants' failure to rescind therefore appeared insubstantial. In their response, Defendants made clear they intend to rely on the statute of limitations. Plaintiff, noting that the TILA claim was time-barred and that she never asked for rescission, agreed to dismiss it.

**FDCPA Claim**

Plaintiff's FDCPA claim arises from Defendants' non-judicial foreclosure on her home. But the foreclosure was governed by California law, and Defendants were not acting as debt collectors under the FDCPA. *See Vien-Phuong Thi Ho v. ReconTrust Company, NA*, 858 F.3d 568 (9th Cir. 2017).

In her response, Plaintiff agrees the law does not permit her to bring a FDCPA claim based on the non-judicial sale of her home, and has agreed to dismiss it. Defendants agree this claim is meritless.

**Supplemental Jurisdiction**

Defendants have argued that while Plaintiff's two federal claims are meritless, they are not so insubstantial as to deprive the Court of jurisdiction. They

have also pointed to Plaintiff's other claims, which rely in part on allegations that Defendants were debt collectors within the meaning of the FDCPA.

Plaintiff's other claims do not arise under federal law, nor does their resolution turn on a question of federal law. Defendants point out that she has supported seven of her state-law claims with allegations of Defendants being debt collectors within the meaning of the FDCPA.

But Plaintiff's claims depend merely on Defendants not being legitimate creditors with a right to foreclose. Arguing that they were debt collectors is one way to do that, but she does not need to establish that they were debt collectors to prevail on any of these claims. *See Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 346 (9th Cir. 1996) ("When a claim can be supported by alternative [state and federal law theories,] federal question jurisdiction does not attach because federal law is not a necessary element of the claim.").

Of course, after this order she will no longer be able to argue that Defendants were debt collectors under the FDCPA or that they committed any FDCPA violations; this order conclusively rejects those claims.

**Conclusion and Order**

Defendants have argued that the federal claims were substantial, and in the case of the FDCPA claim, it is a closer question. The Court recognizes that if it found either claim substantial, it could exercise supplemental jurisdiction over the state law claims and consider them on the merits. But here, there would be little point. Plaintiff filed her complaint in state court, and was not required to meet federal pleading standards, so it is not surprising that she did not do so. Because it is not absolutely clear she could not correct defects in the complaint, she would have been given an opportunity to amend any claims the Court dismissed. But because this action is being remanded in any event, there is no reason to require her to try to meet federal pleading standards now. Furthermore, the Court is mindful of the Ninth Circuit's admonition that "[f]ederal jurisdiction must be rejected

if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

Even assuming the Court has jurisdiction over this case by virtue of either or both of the federal claims, it has discretion to decline to exercise that jurisdiction once the federal claims are dismissed, *see* 28 U.S.C. § 1367(c), and it would do so here. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350–51 and n.7 (1988). *See also Ho*, 858 F.3d at 576 ("Foreclosure is a traditional area of state concern.")

To the extent they seek dismissal of the TILA and FDCPA claims, Defendants motions to dismiss (Docket nos. 6 and 17) are **GRANTED**, and the TILA and FDCPA claims are **DISMISSED WITH PREJUDICE**. But in all other respects, the motions are **DENIED AS MOOT**. The case is **REMANDED** to the Superior Court of California for the County of San Diego.

**IT IS SO ORDERED**.

Dated: March 4, 2019

Hon. Larry Alan Burns
Chief United States District Judge